**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

| | |
|---|---|
| ELLIOT GREENBERG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>       Plaintiff,<br><br>       v.<br><br>YONGYE INTERNATIONAL, INC., ZISHEN WU, TAORAN SUN, AND SAM YU,<br><br>       Defendants. | Case No.: 11-CV-3616 (RJS)<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF UNIVERSAL INVEST QUALITY GROWTH TO CONSOLIDATE RELATED ACTIONS; APPOINT LEAD PLAINTIFF; AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** |

-----------------------------------------------------------------X

| | |
|---|---|
| TIMOTHY BUTLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>       Plaintiff,<br><br>       v.<br><br>YONGYE INTERNATIONAL, INC., ZISHEN WU, TAORAN SUN, AND SAM YU,<br><br>       Defendants. | Case No.: 11-CV-3799 (RJS)<br><br><u>CLASS ACTION</u> |

-----------------------------------------------------------------X

Universal Invest Quality Growth ("Movant" or "Universal Invest") respectfully submits this memorandum of law in support of its motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

(1) consolidating the above-captioned related actions;

(2) appointing Movant as Lead Plaintiff for the class of all persons (the "Class") who purchased or otherwise acquired the common stock of Yongye International, Inc. ("Yongye" or the "Company") during the period between March 15, 2010 and May 18, 2011, inclusive (the "Class Period"); and

(3) approving Movant's selection of The Rosen Law Firm, P.A. as lead counsel for the Class.

## INTRODUCTION AND BACKGROUND

Yongye, a Nevada Corporation headquartered in the People's Republic of China, purportedly engages in the manufacture, research, development and sale of fulvic acid based liquid and powder nutrient compounds for plants and animals to be used in the agriculture industry. The Company's common stock is listed on the NASDAQ under ticker symbol 'YONG'.

On May 26, 2011 the first of these actions, *Greenberg v. Yongye International, Inc., et al.,* 11-CV-3616 (RJS), was commenced in this Court seeking remedies against Defendants[1] under Sections 10(b) and 20(a) of the Exchange Act. That same day, a law firm issued a PSLRA early notice advising class members that they had 60 days from that date to seek appointment as Lead Plaintiff in the action. *See* Declaration of Phillip Kim, filed herewith ("Kim Decl."), Ex. 1 (Early Notice).

---

[1] Defendants are Yongye, Zishen Wu, Taoran Sun, and Sam Yu.

Thereafter, on June 3, 2011, The Rosen Law Firm, P.A. filed a related complaint in this Court: *Butler v. Yongye International, et al.,* 11-CV-3799 (RJS). The *Greenberg* and *Butler* complaints (the "Related Actions") are identical save for the fact that the latter alleges an additional disclosure and subsequent stock drop on May 18, 2011, and an expanded Class Period: August 11, 2010 to May 18, 2011, versus August 11, 2010 to May 11, 2011.

On July 22, 2011, The Rosen Law Firm filed an amended complaint (the "AC") in the *Butler* action. The AC levied additional allegations against the Company, indicating that Yongye misstated the true details of the March 2010 agreement between Yongye and Wuchuan Shuntong Humic Acid Trading Company, Ltd.. As a result, the AC expanded the beginning of the proposed Class Period from August 11, 2010 to March 15, 2010. Later that same day, The Rosen Law Firm issued a press release on a major newswire advising potential class members of the AC and the expanded Class Period. *See* Kim Decl., Ex. 2

In sum, the Related Actions allege that, throughout the Class Period, Defendants issued materially false and misleading statements regarding Yongye's business practices and financial results.  More particularly, the complaints assert that a May 11, 2011 article on *Seeking Alpha* stated that Yongye's claimed production numbers were simply impossible based on its reported production capacity. Moreover, the *Butler* complaint asserts that, approximately one week later, on May 18, 2011, analyst firm Absaroka Capital Management issued a report raising additional red flags of fraud (e.g., an allegedly sham $35 million transaction; supplier relationships of an apparent related party nature).

Due to these adverse disclosures, Yongye's stock price dropped precipitously from an opening price of $5.31/share on May 11, 2011, to a closing price of $3.52/share on May 19, 2011 – a decline of nearly 34 percent. As a result, plaintiffs and the Class have suffered damages.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The above-captioned actions should be consolidated because they allege similar class periods, and the same factual and legal grounds to support identical allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements. Accordingly, the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II. UNIVERSAL INVEST SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the

3

latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the Movant satisfies all of these criteria and is thus entitled to the presumption that it is the most adequate plaintiff of the Class, and that, as a result, it should be appointed Lead Plaintiff.

### A.   Movant is Willing to Serve as a Class Representative

Universal Invest has filed the instant motion and has submitted a certification attesting to its willingness to serve as a representative of the Class, and, if necessary, to provide testimony at deposition and trial.  *See* Kim Decl., Ex. 3.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.   Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  "While the PSLRA does not specify how we should decide which plaintiff has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."

4

*Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).  Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *Fuwei Films*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate loss is most determinative).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Universal Invest purchased 90,000 shares of the Company during the Class Period at a total cost of $699,500.00; sold the entirety of these 90,000 shares for proceeds of $354,600.00; and thereby suffered an approximate loss of $344,900.00.  *See* Kim Decl., Ex. 4 (Movant's Loss Chart).  Universal Invest is not aware of any other movants that have suffered greater losses in Yongye stock during the Class Period.  Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

---

[2] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

> representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437.

Movant fulfills the requirements of Rule 23. Universal Invest shares substantially similar questions of law and fact with the members of the Class, and its claims are typical of those of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by failing to disclose material facts about Yongye's business and financial condition. Movant, as did all of the members of the Class, purchased Yongye shares at prices artificially inflated by Defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the Class.

Thus, the close alignment of interests between Movant and other Class members, as well as the former's strong desire to prosecute the Related Actions on behalf of the Class, provide ample reason to grant Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

      (aa)    will not fairly and adequately protect the interest of the class; or

      (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the Class have been discussed above, in Section C. Movant is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, the Court should appoint Universal Invest as Lead Plaintiff for the Class.

    **E.**    **Movant Institutional Status Supports Appointment**

Universal Invest is a sophisticated and professionally managed institutional investment fund, and is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273-74 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 670 (C.D. Cal. 2005) ("the PSLRA was enacted to encourage institutional investors to take a more active role in securities litigation").

**III.**    **MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only

interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel.  The Rosen Law Firm has been actively researching the class plaintiff's claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against Defendants.  Furthermore, The Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 5 (Firm Resume).

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) consolidating the Related Actions; (2) appointing Universal Invest as Lead Plaintiff of the Class; (3) approving its selection of The Rosen Law Firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: July 25, 2011               Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

　　　/s/ Phillip Kim　　　
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016

8

Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

Case 1:11-cv-03616-RJS   Document 6   Filed 07/25/11   Page 10 of 11

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 25th day of July, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Phillip Kim